SHAPIRO *v.* ANN ARBOR SCHOOL DISTRICT

SCHOOLS AND SCHOOL DISTRICTS—RESIDENCE IN DISTRICT—RIGHT TO
TUITION—FREE SCHOOLING—PURPOSE OF RESIDENCE.
  A child who does not live with his parents and who lives in a
  certain school district for educational purposes only, even
  though his parents could provide him with a suitable home at
  the place where they reside, is not entitled to tuition-free ad-
  mittance to the public schools of the district where the child
  resides (CLS 1961, § 340.945).

Appeal from Washtenaw, Breakey (James R.,
Jr.), J. Submitted Division 2 November 13, 1968,
at Lansing. (Docket No. 6,430.) Decided December
19, 1968.

Complaint by Barbara Shapiro against the City
of Ann Arbor School District, a municipal corpora-
tion, and Scott Westerman, Jr., superintendent, for
a writ of mandamus to require the admission of
Claire Shapiro, a minor, as a tuition-free student in
the public schools of defendant school district. Writ
denied. Plaintiff appeals. Affirmed.

*Douvan, Tammen, Harrington & Carpenter,* for
plaintiff.

*Roscoe O. Bonisteel and Roscoe O. Bonisteel, Jr.,*
for defendants.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur, Schools §§ 151, 152, 154.

Per Curiam. Claire Shapiro, age 17, was held to be a nonresident student by the Ann Arbor School Board, and refused tuition-free admittance. A mandamus action was brought by Barbara Shapiro, an older sister, a hearing was held, and judgment of no cause of action was entered October 7, 1968.

An appeal was taken, and a motion for emergency consideration was filed, which has been treated as a motion for earlier hearing under GCR 1963, 815.3.*

We have reviewed the pleadings, the transcript of the trial, and the lower court opinion, and we are in accord with the findings of the trial judge that under the present school code provisions, CLS 1961, § 340.945 (Stat Ann 1968 Rev § 15.3945), it cannot be said that defendant School Board has acted arbitrarily and without just reason in refusing to enroll Claire Shapiro as a tuition-free student. We further find that Mr. Shapiro, the father, was able to provide a suitable home for Claire in the school district of his residence, and we find also that Claire is presently living in Ann Arbor for an educational purpose.

Affirmed.

Quinn, P. J., and T. G. Kavanagh and McGregor, JJ., concurred.

---

* As amended. See 378 **Mich lxxi.**